Gregory N. Karasik (SBN 115834)
greg@karasiklawfirm.com
**Karasik Law Firm**
11835 W. Olympic Blvd., Ste. 1275
Los Angeles, California 90064
Tel: (310) 312-6800
Fax: (310) 943-2582

Sahag Majarian II (SBN 146621)
sahagii@aol.com
**Law Office of Sahag Majarian II**
18250 Ventura Blvd.
Tarzana, California 91356
Tel (818) 609-0807
Fax (818) 609-0892

Attorneys for Plaintiff
ALBERT SOLORIO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALBERT SOLORIO, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ANGELICA TEXTILE SERVICES, INC. and DOES 1 through 10.<br><br>Defendants. | Case No. CV 12-03569<br><br>**COMPLAINT FOR FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |

Plaintiff Albert Solorio ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

**INTRODUCTION**

1. This case arises out of the failure of defendant Angelica Textile Services, Inc. ("Defendant") to compensate non-exempt employees in accordance with state and federal law. On behalf of certain non-exempt employees employed by Defendant throughout the United States ("Non-Exempt Employees" as defined in paragraph 9 below), Plaintiff asserts a claim for failure to pay

1
COMPLAINT

overtime wages in violation of the Fair Labor Standards Act ("FLSA"). Plaintiff brings this claim as a collective action pursuant to 29 U.S.C. 216(b). On behalf of non-exempt employees who belong to the Union Class, Non-Union Class, Restitution Class, Civil Penalty Class and/or Final Wages Class defined in paragraph 13 below, Plaintiff asserts claims under California law for failure to pay minimum wages, failure to pay overtime wages, unfair competition, failure to provide accurate wage statements, and/or failure to pay all wages upon termination. Plaintiff brings his state law claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks all damages, restitution, civil penalties and statutory penalties to which he and similarly situated employees of Defendant are entitled under the FLSA and/or state law.

**JURISDICTION**

2. The Court has original jurisdiction over Plaintiff's claims under the FLSA, a law of the United States, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The state law claims are so related to Plaintiff's claims under the FLSA that they form part of the same case or controversy.

**VENUE**

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant does business and therefore resides in this district and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**THE PARTIES**

A. **Plaintiffs**

4. Plaintiff worked for Defendant as a non-exempt employee in Gilroy, California from approximately December 22, 2010 to December 22, 2011. For the first ninety days of his employment with Defendant, Plaintiff was not covered by a collective bargaining agreement. After completing a 90 day probationary period, Plaintiff was thereafter covered by a collective bargaining agreement. During Plaintiff's employment, Defendant followed a practice of rounding time downwards which resulted in Plaintiff not getting paid wages for all hours worked. For example, the Timekeeper Detail Reports attached hereto as Exhibit 1 reflect the following discrepancies between the time Plaintiff actually punched in for work and the time used by Defendant to compute Plaintiff's hours worked:

2
COMPLAINT

| Date | Original Punch Time | Modified Punch Time | Rounded Punch Time |
|---|---|---|---|
| 3/31/11 | 2:38 p.m. | 2:37 p.m. | 2:30 p.m. |
| 4/01/11 | 2:39 p.m. | 2:37 p.m. | 2:30 p.m. |
| 5/06/11 | 2:40 p.m. | 2:37 p.m. | 2:30 p.m. |

5. Plaintiff is informed and believed and thereon alleges that Defendant followed a practice of rounding punch times to the nearest quarter hour increment and, if the original punch time would have resulted in a rounding upwards favorable to the employee, modifying the punch time so that the rounding was downward to the detriment of the employee. As a result of such uneven rounding practices, Plaintiff was not paid for all the hours he actually worked but was paid for substantially fewer hours than he actually worked.

**B.   Defendants**

6. At all relevant times, Defendant has been a corporation organized under the law of the State of California with a principal place of business in the State of Georgia. Defendant was the employer of Plaintiff and other similarly situated non-exempt employees at the time Defendant breached its legal obligations to them as described herein, and Defendant continues to breach legal obligations owed to similarly situated non-exempt employees currently employed by Defendant.

7. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 10, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

8. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

9. Plaintiff's claim for failure to pay overtime wages in violation of the FLSA is brought as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and other "Non-Exempt

3
COMPLAINT

Employees." For the purposes of this claim for relief, the term "Non-Exempt Employees" is defined as all persons who, at any time since the date three years before the filing of the complaint in this action, were employed in a non-exempt position by Defendant anywhere in the United States and worked at least 40 hours in a workweek.

10. At all relevant times, Plaintiff and other Non-Exempt Employees have been similarly situated in that they all worked in a non-exempt position and were subjected to Defendant's common rounding practices which resulted in the failure of Defendant to pay them for all overtime hours worked in violation of the FLSA.

11. Although the name and address of other Non-Exempt Employees are not yet known to Plaintiff, they are readily ascertainable from the employment records maintained by Defendant. Notice of this action and the right to "opt in" as a plaintiff for the purpose of Plaintiff's collective action can be given to other Non-Exempt Employees via first class mail at their last know address on file with Defendant.

12. Attached as Exhibit 2 is the consent of Plaintiff to be a party to the collective action brought by Plaintiff under the FLSA. Plaintiff is informed and believes and thereon alleges that, upon being given notice of their rights, many other Non-Exempt Employees will likewise consent to join as plaintiffs in the collective action brought by Plaintiff against Defendant for violation of the FLSA.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings his state law claims on behalf of himself and all other similarly situated persons (collectively the "Class") as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The members of the Class belong to the Union Class, Non-Union Class, Restitution Class, Civil Penalty Class, and/or the Final Wages Class, which are defined as follows:

**Union Class**: All persons who, at any time since the date three years before the filing of the complaint in this action, were employed in a non-exempt position by Defendant in the state of California, and were covered by a collective bargaining agreement during the entirety of their employment with Defendant after the date three years before the filing of the complaint in this action.

**Non-Union Class:** All persons who, at any time since the date three years before the filing of the complaint in this action, were employed in a non-exempt position by Defendant in the state of California, and were not covered by a collective bargaining agreement during the entirety of their employment with Defendant after the date three years before the filing of the complaint in this action.

**Restitution Class:** All persons who, at any time since the date four years before the filing of the complaint in this action, were employed in a non-exempt position by Defendant in the state of California.

**Civil Penalty Class:** All persons who, at any time since the date one year before the filing of the complaint in this action, were employed in a non-exempt position by Defendant in the state of California.

**Final Wages Class:** All persons employed in a non-exempt position by Defendant in the state of California whose employment with Defendant terminated at any time since the date three years before the filing of the complaint in this action.

14. Plaintiffs' state claw claims are brought and may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure.

a. <u>Numerosity</u>. The Class members are so numerous that individual joinder of all of them as plaintiffs is impractical. While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are not less than 200 members in the Union Class, not less than 200 members in the Non-Union Class, not less than 200 members in the Restitution Class, not less than 200 members in the Civil Penalty Class, and not less than 200 members in the Final Wages Class.

b. <u>Commonality</u>. There are questions of law or fact common to Class members. These common questions include, but are not limited to, whether Defendant has or had a practice of rounding time punches which resulted in Defendant not paying non-exempt employees for all their hours actually worked.

c. <u>Typicality</u>. Plaintiff is a member of the Class and his claims are typical of the claims of the other Class members Plaintiff seeks to represent. Plaintiff suffered the same kinds of injuries

suffered by other Class members and seeks the same kind of relief sought by other Class members.

d. <u>Adequate Representation</u>. Plaintiff will adequately and fairly protect the interests of the members of the Class. Plaintiff has no interests adverse to the interests of absent Class members. Plaintiff is represented by legal counsel who have substantial class action experience in civil litigation and employment law.

15. This case is brought and may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure. Questions of law or fact common to Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual Class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual Class members to seek and obtain relief. A class action will serve an important public interest by permitting employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them.

## **FIRST CLAIM FOR RELIEF**

## **FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF FLSA**

### **(By Plaintiff and Non-Exempt Employees against Defendants)**

16. Plaintiff incorporates paragraphs 1 through 12 of this complaint as if fully alleged herein.

17. At all relevant times, Defendants jointly and/or severally have been and/or continue to be an "employer" engaged in interstate commerce within the meaning of the FLSA, and Plaintiff and other Non-Exempt Employees were "employees" within the meaning of the FLSA.

18. Pursuant to Section 7 of the FLSA, 29. U.S.C. § 207, Plaintiffs and other Non-Exempt Employees were entitled to receive overtime wages for all hours worked in excess of 40 hours in a workweek.

19. Defendants failed to pay Plaintiffs and other Non-Exempt Employees overtime wages

for all overtime hours worked every workweek in violation of the FLSA. Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, Defendants maintained uneven rounding practices that resulted in Defendants paying non-exempt employees for fewer hours than actually worked.

20. As a result of Defendants' unlawful conduct, Plaintiff and other Non-Exempt Employees have suffered damages in an amount, subject to proof, to the extent they were not paid overtime wages for overtime hours worked. The precise amount of damages suffered by Plaintiff and other Non-Exempt Employees is not presently known to Plaintiff but can be ascertained from Defendants' records.

21. Pursuant to 29 U.S.C. § 216(b), Plaintiff and other Non-Exempt Employees are entitled to recover the full amount of unpaid overtime wages, prejudgment interest, liquidated damages, reasonable attorney's fees and costs of suit.

## SECOND CLAIM FOR RELIEF

## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CALIFORNIA LAW

**(By Plaintiff, the Union Class and Non-Union Class against Defendants)**

22. Plaintiff incorporates paragraphs 1 through 8 and 13 through 15 of this complaint as if fully alleged herein.

23. At all relevant times, Plaintiff and the other members of the Union Class and Non-Union Class were employees of Defendants covered by Labor Code Section 1197 and applicable Wage Orders.

24. Pursuant to Labor Code Section 1197 and applicable Wage Orders, Plaintiff and the other members of the Union Class and Non-Union Class were entitled to receive minimum wages for all hours worked.

25. Defendants failed to pay Plaintiff and other members of the Union Class and Non-Union Class minimum wages for all hours worked in violation of Labor Code Section 1197 and applicable Wage Orders. Plaintiff is informed and believes and thereon alleges that, at all relevant times within the applicable limitations period, Defendants maintained uneven rounding practices that resulted in Defendants paying non-exempt employees for fewer hours than actually worked.

26. As a result of Defendants' unlawful conduct, Plaintiff and other members of the Union Class and Non-Union Class paid have suffered damages in an amount, subject to proof, to the extent they were not paid for minimum wages for all hours actually worked.

27. Pursuant to Labor Code Section 1194 and 1194.2, Plaintiff and other members of the Union Class and Non-Union \Class are entitled to recover the full amount of unpaid minimum wages, prejudgment interest liquidated damages, reasonable attorney's fees and costs of suit.

## THIRD CLAIM FOR RELIEF

## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CALIFORNIA LAW

### (By Plaintiff and the Non-Union Class against Defendants)

28. Plaintiff incorporates paragraphs 1 through 8, 13 through 15, and 22 through 27 of this complaint as if fully alleged herein.

29. At all relevant times, Plaintiff and the other members of the Non-Union Class were employees of Defendants covered by Labor Code Section 510.

30. Pursuant to Labor Code Section 510 and applicable Wage Orders, Plaintiff and the other members of the Non-Union Class were entitled to receive overtime wages payable at the rate of at least 1 and ½ times their regular rate of pay for all hours worked in excess of 8 hours in one workday or 40 hours in any one workweek.

31. Defendants failed to pay Plaintiff and other members of the Non-Union Class all overtime wages owed for all overtime hours worked in violation of Labor Code Sections 510 and applicable Wage Orders. Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, Defendants maintained uneven rounding practices that resulted in Defendants paying non-exempt employees for fewer hours than actually worked.

32. As a result of Defendants' unlawful conduct, Plaintiff and other members of the Non-Union Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all overtime wages owed for all the overtime hours they actually worked.

33. Pursuant to Labor Code Section 1194, Plaintiff and other members of the Unpaid Overtime Wages Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, reasonable attorney's fees and costs of suit.

## FOURTH CLAIM FOR RELIEF

## UNFAIR COMPETITION

### (By Plaintiff and the Restitution Class against Defendants)

34. Plaintiff incorporates paragraphs 1 through 8, 13 through 15, and 22 through 33 of this complaint as if fully alleged herein.

35. The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200.

36. As a result of Defendants' unfair competition as alleged herein, Plaintiff and other members of the Restitution Class have suffered injury in fact and lost money or property. Plaintiff and members of the Restitution Class have been deprived of their rights to payment of all minimum wages and/or overtime wages and Plaintiff and members of the Restitution Class have not been paid all the monies owed to them under the Labor Code.

37. Pursuant to Business and Professions Code Section 17203, Plaintiff and other members of the Restitution Class are entitled to restitution of all wages owed to them under the Labor Code, including interest thereon, in which they had a property interest, which Defendants failed to pay to them. Restitution of the money owed to Plaintiff and other members of the Restitution Class that Defendants wrongfully withheld and retained by means of engaging in unlawful business practices in violation of the Labor Code is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

38. Plaintiff and members of the Restitution Class are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## FIFTH CLAIM FOR RELIEF

## CIVIL PENALTIES FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (By Plaintiff and the Civil Penalty Class against Defendants)

39. Plaintiff incorporates paragraphs 1 through 8, 13 through 15, and 22 through 33 of this complaint as if fully alleged herein.

40. At all relevant times, Plaintiff and the other members of the Civil Penalty Class were

1 | employees of Defendants covered by Labor Code Section 226.

42. Pursuant to Labor Code Section 226(a), Plaintiff and the other members of the Civil Penalty Class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing the amounts of gross wages earned, total hours worked and net wages earned.

42. Defendants failed to provide Plaintiff and other members of the Civil Penalty Class accurate itemized statements in accordance with Labor Code Section 226(a). Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, Defendants maintained uneven rounding practices that resulted in Defendants paying non-exempt employees for fewer hours than actually worked, which resulted in members of the Civil Penalty Class receiving inaccurate wage statements that did not accurately state the amounts of gross wages earned, total hours worked, or net wages earned.

43. Defendants' failure to provide Plaintiff and other members of the Civil Penalty Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and other members of the Civil Penalty Class with accurate wage statements but intentionally provided wage statements that Defendants knew did not reflect the correct amounts of gross wages earned, total hours worked or net wages earned.

44. As a result of Defendants' conduct, Plaintiff and other members of the Civil Penalty Class have suffered injury. The absence of accurate information on their wage statements has prevented timely challenges to some of Defendants' unlawful pay practices, required discovery and mathematical computation to determine the amount of wages owed, and/or caused difficulty and expense in attempting to reconstruct time and pay records.

45. Pursuant to Labor Code Section 226(e), Plaintiff and other members of the Civil Penalty Class are entitled to recover fifty dollars for the initial pay period in which a violation of Labor Code Section 226(a) occurred and one hundred dollars for each violation of Labor Code Section 226(a) in every subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

46. Pursuant to Labor Code Sections 218, 226(e) and 226(g), Plaintiff and other members

10
COMPLAINT

of the Civil Penalty Class are entitled to recover the full amount of civil penalties due under Labor Code Section 226(e), reasonable attorney's fees and costs of suit.

### SIXTH CLAIM FOR RELIEF

### FAILURE TO PAY ALL WAGES UPON TERMINATION

**(By Plaintiff and the Final Wages Class against Defendants)**

46. Plaintiff incorporates paragraphs 1 through 8, 13 through 15, and 22 through 32 of this complaint as if fully alleged herein.

47. At all relevant times, Plaintiffs and the other members of the Final Wages Class were employees of Defendants covered by Labor Code Sections 201 or 202.

48. Pursuant to Labor Code Sections 201 or 202, Plaintiffs and other members of the Final Wages Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

49. Defendants failed to pay Plaintiffs and other members of the Final Wages Class all wages earned and unpaid prior to termination in accordance with Labor Code Sections 201 or 202. Plaintiffs are informed and believe and thereon allege that at all relevant times within the applicable limitations period, Defendants maintained uneven rounding practices that resulted in Defendants paying non-exempt employees for fewer hours than actually worked.

50. Defendants' failure to pay Plaintiff and members of the Final Wages Class all wages earned prior to termination in accordance with Labor Code Sections 201 or 202 was willful. Defendants had the ability to pay all wages earned by members of the Final Wages Class prior to termination in accordance with Labor Code Sections 201 or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 or 202.

51. Pursuant to Labor Code Sections 201 or 202, Plaintiff and other members of the Final Wages Class are entitled to all wages prior to termination that Defendants failed to pay them.

52. Pursuant to Labor Code Section 203, Plaintiff and other members of the Final Wages Class are entitled to penalty wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

53. As a result of Defendants' unlawful conduct, Plaintiff and other members of the Final Wages Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination.

54. As a result of Defendants' unlawful conduct, Plaintiff and other members of the Final Wages Class have suffered damages in an amount, subject to proof, to the extent they were not paid all penalty wages owed under Labor Code Section 203.

55. Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and other members of the Final Wages Class are entitled to recover the full amount of their unpaid wages, penalty wages under Labor Code Section 203, reasonable attorney's fees and costs of suit. Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiffs and other members of the Final Wages Class are entitled to recover prejudgment interest on the amount of their unpaid wages and unpaid penalty wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, pray for relief and judgment against Defendants as follows:

A. An order certifying that Plaintiff may pursue his FLSA claims against Defendants as a collective action on behalf of other Non-Exempt Employees under 29 U.S.C. § 216(b);

B. An order certifying that Plaintiff may pursue his state law claims against Defendants as a class action on behalf of the Union Class, Non-Union Class, Restitution Class, Civil Penalty Class and/or Final Wages Class under Rule 23 of the Federal Rules of Civil Procedure;

C. An order appointing Plaintiff as Class representatives and appointing Plaintiff's counsel as Class counsel;

D. Damages for unpaid overtime wages under 29 U.S.C. § 216(b);

E. Liquidated damages under 29 U.S.C. § 216(b);

F. Damages for unpaid minimum wages under Labor Code Section 1194;

G. Liquidated damages under Labor Code Section 1194.2;

H. Damages for unpaid overtime wages under Labor Code Section 1194;

I. Damages for unpaid wages under Labor Code Section 204;

J. Restitution under Business and Professions Code Section 17203;

K. Civil penalties under Labor Code Section 226(e);

L. Damages for unpaid wages under Labor Code Sections 201 or 202;

M. Damages for unpaid penalty wages under Labor Code Section 203;

N. Pre-judgment interest;

O. Costs;

P. Reasonable attorney's fees; and

Q. Such other and further relief as the Court deems just and proper.

Dated: June 27, 2012

KARASIK LAW FIRM

By _____
Gregory N. Karasik
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for himself and all others similarly situated on all claims so triable.

Dated: June 27, 2012

KARASIK LAW FIRM

By _____
Gregory N. Karasik
Attorneys for Plaintiffs

13
COMPLAINT

EXHIBIT 1

# Timekeeper Detail Report

Date Range: From 12/19/2010 to 12/17/2011                                                                  05/21/2012 11:03 AM

Employee Name: Solorio, Albert   Badge #: 102166   Department: 423   Workgroup: Gilroy, Dept 423, Shift 1

| Day | Date | Time Code | In (Actual) | Meal Out (Actual) | Meal In (Actual) | Out (Actual) | Total Hours | Date Range Totals | DEPT | SHIFT |
|---|---|---|---|---|---|---|---|---|---|---|
| Sun | 03/27/2011 | | No Schedule | | | | | | | |
| Mon | 03/28/2011 | RG | 06:00 AM | 10:00 AM | 10:30 AM | 02:30 PM | 8.00 | 8.00 | 423 | 1 |
| Tue | 03/29/2011 | RG | 06:15 AM | 10:07 AM | 10:37 AM | 02:30 PM | 7.75 | 15.75 | 423 | 1 |
| Wed | 03/30/2011 | RG | 06:00 AM | 10:00 AM | 10:30 AM | 02:30 PM | 8.00 | 23.75 | 423 | 1 |
| Thu | 03/31/2011 | RG | 06:00 AM | 10:00 AM | 10:30 AM | 02:30 PM | 8.00 | 31.75 | 423 | 1 |
| Fri | 04/01/2011 | RG | 06:00 AM | 10:00 AM | 10:30 AM | 02:30 PM | 8.00 | 39.75 | 423 | 1 |
| Sat | 04/02/2011 | | No Schedule | | | | | 39.75 | | |

Audit:

On 04/04/2011 @ 12:25 Jauregui, Stephanie performed the following actions(s)
| 03/31/2011 | Modified | 02:37 PM | Out | Comment: per gary/ |
| 03/31/2011 | Previous | 02:38 PM | Out | |
| 04/01/2011 | Modified | 02:37 PM | Out | Comment: per gary/ |
| 04/01/2011 | Previous | 02:39 PM | Out | |

Timecard Summary Totals:
Labor Distribution Summary:
Labor Distribution Summary:
Labor Distribution Summary:
Labor Distribution Summary:
Labor Distribution Summary:

Employee Name: Solorio, Albert   Badge #: 102166   Department: 423   Workgroup: Gilroy, Dept 423, Shift 1

| Day | Date | Time Code | In (Actual) | Meal Out (Actual) | Meal In (Actual) | Out (Actual) | Total Hours | Date Range Totals | DEPT | SHIFT |
|---|---|---|---|---|---|---|---|---|---|---|
| Sun | 04/03/2011 | | No Schedule | | | | | | | |
| Mon | 04/04/2011 | RG | 06:15 AM | 10:07 AM | 10:37 AM | 02:30 PM | 7.75 | 7.75 | 423 | 1 |
| Tue | 04/05/2011 | RG | 06:15 AM | 10:07 AM | 10:37 AM | 02:30 PM | 7.75 | 15.50 | 423 | 1 |
| Wed | 04/06/2011 | RG | 06:15 AM | 10:07 AM | 10:37 AM | 02:30 PM | 7.75 | 23.25 | 423 | 1 |
| Thu | 04/07/2011 | RG | 06:15 AM | 10:15 AM | 10:45 AM | 02:45 PM | 8.00 | 31.25 | 423 | 1 |
| Fri | 04/08/2011 | RG | 06:15 AM | 10:22 AM | 10:52 AM | 03:00 PM | 8.25 | 39.50 | 423 | 1 |
| Sat | 04/09/2011 | | No Schedule | | | | | 39.50 | | |

Timecard Summary Totals:
Labor Distribution Summary:
Labor Distribution Summary:
Labor Distribution Summary:
Labor Distribution Summary:
Labor Distribution Summary:

Ceridian Time Professional                                                                                              Page 8 of 27

## FLSA CONSENT TO SUE

I, Albert Solorio, consent to and wish to participate in a Fair Labor Standards Act collective action lawsuit brought against Angelica Textile Services, Inc. seeking to recover overtime wages allegedly owed to me and similarly situated non-exempt employees of Angelica Textile Services, Inc.

Date: July 1, 2012

Albert Solorio