UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALBERT SOLORIO, individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>ANGELICA TEXTILE SERVICES, INC. and DOES 1 through 10,<br><br>Defendants. | Case No. 5:12-cv-03569-PSG<br><br>[~~PROPOSED~~] **ORDER AND FINAL JUDGMENT GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**(Re: Docket No. 32)** |

The motion of plaintiff Alberto Solorio ("Plaintiff") for an order granting final approval of the modified collective action and class action settlement (the "Settlement") reached with defendant Angelica Textile Services, Inc. ("Defendant"), that was preliminarily approved by the Court on June 23, 2014, came regularly on for hearing on September 25, 2014.  Good cause having been shown therefore, Plaintiff's motion is GRANTED and IT IS HEREBY ORDERED:

1.  The Court certifies for settlement purposes, for treatment as a collective action under 29 U.S.C. Section 216(b), Plaintiff's claims under the FLSA on behalf of the FLSA Class described in the Settlement.  The FLSA Class shall be comprised of all non-exempt employees employed by Defendant in the United States at any time between July 9, 2009 and February 18, 2014, except for those persons who are members of the settlement class in the case of *Bran v.*

1

*Angelica Textile Services, Inc.* Members of the settlement class in *Bran* are excluded from the FLSA Class.

2. The Court certifies for settlement purposes, for treatment as a class action under Rule 23 of the Federal Rules of Civil Procedure, Plaintiff's claims under California law on behalf of the California Class described in the Settlement. The California Class shall be comprised of all non-exempt employees employed by Defendant in the state of California at any time between July 9, 2008 and February 18, 2014, except for those persons who are members of the settlement class in the case of *Bran v. Angelica Textile Services, Inc*. Members of the settlement class in *Bran* are excluded from the California Class.

3. The Court grants final approval of the Settlement and finds the terms of the Settlement to be fair reasonable, and adequate under 29 U.S.C. Section 216(b) and Rule 23(e) of the Federal Rules of Civil Procedure, including the amount of the settlement fund; the amount of distributions to class members; the procedure for giving notice to class members; the procedure for members of the FLSA Class to opt into the Settlement; the procedure for members of the California Class to opt out of the Settlement; the procedure for submitting claims or objecting to the Settlement; and the maximum amounts allocated to an incentive payment, costs and attorney's fees.

4. The Court finds that class members were provided proper and adequate notice of their rights in a manner that satisfies the requirements of due process.

5. The Court orders that all class members who did not timely request exclusion from the Settlement are barred from prosecuting against the Released Parties any and all released claims as set forth in the Settlement.

2

Case No. 5:12-cv-03569-PSG
[PROPOSED] ORDER AND FINAL JUDGMENT GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

6. The Court orders that payment be made from the settlement fund of settlement administration fees to Dahl Administration in the amount of $15,700 in accordance with the Settlement.

7. The Court orders that payment be made from the settlement fund of settlement benefits to class members who timely submitted valid claims, in accordance with the Settlement.

8. The Court awards Plaintiff the amount of $10,413.80 for costs.

9. The Court awards Plaintiff the amount of $750,000 for attorney's fees. The Court finds that $750,000 is a reasonable amount of attorney's fees under the percentage of the fund method.

10. The Court awards Plaintiff the amount of $7,500 as a class representative enhancement payment.

11. The Court directs the clerk to enter this order as a final judgment dismissing the action with prejudice.

12. The Court orders that, notwithstanding entry of final judgment, the Court shall retain jurisdiction in this matter for the purposes of interpreting or enforcing the Settlement or final judgment.

**IT IS SO ORDERED.**

Dated: September 25, 2014

*[signature]*
PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:12-cv-03569-PSG
[~~PROPOSED~~] ORDER AND FINAL JUDGMENT GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT